**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Kelvin Bernard Badger, ) | Criminal No. 1:06-01254-MBS |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court pursuant to a pro se motion by Kelvin Bernard Badger ("Movant" or "Badger") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). (ECF No. 131.) The United States of America ("Respondent") opposes the motion to vacate and moves the court to grant it summary judgment. (ECF Nos. 133, 134.) For the reasons set forth below, the court denies Movant's motion to vacate and grants Respondent's motion for summary judgment.

**I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Movant is a federal prisoner currently incarcerated at the Big Sandy United States Penitentiary in Inez, Kentucky. (ECF No. 131-1.) In the instant matter, Movant was named in a two-count indictment on December 5, 2006, charging him with ("Count 1") possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and ("Count 2") possession with intent to distribute a quantity of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D). (ECF No. 1.) On December 27, 2006, Respondent filed an information to communicate to Defendant that he was subject to increased penalties under 21 U.S.C. § 851

1

based on two prior drug convictions under South Carolina law for "Trafficking in Cocaine" and possession of marijuana with intent to distribute. (ECF No. 9.) On December 28, 2006, Movant entered an initial plea of not guilty to the charges in the indictment. (ECF No. 12.)

Thereafter, a trial was held on September 20, 2007, and the jury found Defendant guilty as to the two counts in the indictment. (ECF Nos. 71, 74.) On June 18, 2008, the court sentenced Movant to a mandatory term of imprisonment of life in the Bureau of Prisons, consisting of 120 months as to Count 1 and life as to Count 2, to run concurrently. (ECF No. 98.) Judgment was entered on June 19, 2008. (Id. __) Movant appealed his conviction and sentence to the Court of Appeals for the Fourth Circuit (the "Fourth Circuit") on June 25, 2008. (ECF No. 102.) On September 9, 2011, the Fourth Circuit affirmed Movant's conviction and sentence (effective October 3, 2011). (ECF Nos. 139, 140.)

On August 27, 2010, Movant filed the instant motion to vacate his sentence, asserting ineffective assistance of counsel as his ground for relief. (ECF No. 131.) Respondent filed opposition to Movant's motion to vacate and a motion for summary judgment on September 27, 2010. (ECF Nos. 133, 134.) Movant filed a reply in support of his motion to vacate on November 11, 2010. (ECF No. 137.)

The court has reviewed the record and finds that the motions of Movant and Respondent are suitable for disposition without evidentiary hearing or oral argument.

## II. LEGAL STANDARD

A. <u>Motions to Vacate Generally</u>

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under 28 U.S.C. § 2255, a movant is

required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rule 4(b), Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994)). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

B.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of

3

counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Movant must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Strickland, 466 U.S. at 687. To demonstrate deficient performance, Movant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. Id. at 687-88. To demonstrate actual prejudice, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697.

A criminal defendant's right to effective assistance of counsel continues through a direct appeal. See Evitts v. Lucey, 469 U.S. 387, 395-96 (1985). To establish prejudice relating to the actions of appellate counsel, the movant must establish a reasonable probability that, but for his counsel's unreasonable failure to include a particular issue on appeal, he would have prevailed on his appeal. Smith, 528 U.S. at 285–86.

C. Liberal Construction of Pro Se Claims

The court is required to construe pro se pleadings liberally. See, e.g., Estelle v. Gamble,

429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. ANALYSIS

A. The Arguments of the Parties

In his motion to vacate, Movant claims he received ineffective assistance of counsel, asserting that his attorney's performance was deficient because he did not (1) object to an indictment that was untimely under § 3161(b) of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174; (2) argue that a life sentence resulting from the 100 to 1 crack cocaine to powder cocaine sentencing disparity violated Movant's "Due Process and Equal Protection rights" and was at odds with the demands of 18 U.S.C. § 3553(a) that the court impose a sentence "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]"[1]; and (3) argue that Movant's 2001 conviction for "Trafficking in Cocaine" "involved only possession, not possession with intent to distribute, and thus, should not have been used for enhancement purposes under 21 U.S.C. § 851." (ECF No. 131 at 3, 7-8, 11.)

In opposing Movant's motion and in moving for summary judgment, Respondent argues that the performance of Movant's counsel was not deficient for failing to make meritless

---

[1] Movant calculates that 120 months was the most punitive sentence he should have received. (ECF No. 131 at 9-10.)

arguments on the issues raised by Movant in his motion to vacate. In support of this argument, Respondent asserts that Movant's claims are without merit that his arrest by state authorities triggered the protections of the Speedy Trial Act or that his indictment on December 5, 2006 violated the statute of limitations. (ECF No. 133 at 4-5 (citing United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1992) ("A state arrest is not relevant for federal speedy trial purposes."); 18 U.S.C. § 3282 (The federal statute of limitations is 5 years.)).) Respondent further asserts that Movant's argument that a life sentence was unreasonable and in violation of his "Due Process and Equal Protection rights" is foreclosed by Fourth Circuit precedent. (Id. at 8-9 (citing United States v. Perkins, 108 F.3d 512, 518-19 (4th Cir. 1997) (rejecting equal protection challenge to the disparate statutory mandatory minimums applicable to crack cocaine and powder cocaine offenses); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995) (rejecting due process challenge to the same)).) Moreover, Movant cannot rely on the Fair Sentencing Act of 2010[2] because the act does not provide a basis for challenging his conviction and sentence by collateral attack. (Id. at 9-10.) Finally, Respondent asserts that Movant's 2001 conviction for "Trafficking in Cocaine" was a properly included prior felony drug offense under 21 U.S.C. § 851 because it was punishable by imprisonment for more than 1 year.[3] (Id. at 11-12 (citing 21

---

[2] The Fair Sentencing Act of 2010, Pub. L No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), changed the statutory penalty provisions for an offense involving 28 grams of more of cocaine base. Specifically, the FSA narrowed the gap in sentencing between crack cocaine and powder cocaine by raising the threshold quantity for imposition of a 5 year mandatory minimum sentence from 5 grams of crack cocaine to 28 grams of crack cocaine; and by raising the threshold quantity for imposition of a 10 year mandatory minimum sentence from 50 grams of crack cocaine to 280 grams of crack cocaine.

[3] Respondent also noted "that in 2001 a conviction for simple possession of Cocaine in violation of South Carolina Code Section 44-53-370 was punishable by imprisonment for more than one year." (ECF No. 133 at 12.) "Thus even if BADGER had been convicted of simple possession of cocaine,

6

U.S.C. § 802(44) (A felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances.")).) Based on the foregoing, Respondent argues that its motion for summary judgment should be granted and Movant's motion to vacate should be denied.

In response to Respondent's arguments, Movant reasserts that he received a life sentence under § 841(a)(1)(A) due to the ineffective assistance of his attorney. In this regard, Movant complains that a competent attorney would have (1) conducted a proper investigation into the facts of the convictions identified in the information filed by Respondent and (2) challenged the usage of Movant's prior state court convictions to enhance his sentence to life under 21 U.S.C. § 851. (ECF No. 137-1 at 3-13 (citing, e.g., Shepard v. United States, 544 U.S. 13 (2005)).) Movant further complains that a competent attorney would have argued that application of the 100 to 1 crack cocaine to powder cocaine ratio, which resulted in a life sentence for possessing more than 50 grams of crack cocaine, violates the demands of 18 U.S.C. § 3553(a) because the punishment is greater than necessary to comply with the statutory purposes of sentencing. (Id. at 15-22.) Moreover, Movant asserts that the patent unfairness of his life sentence can be corrected by retroactive application of the Fair Sentencing Act of 2010:

> The real reason for retroactivity is the protection for the innocent against erroneously conviction or punishment and assuring fundamentally fair procedures when the government finally recognizes its mistakes. Namely the new law is here to protect the rights of those wronged in the past by applying fundamental procedures to case prior to the enactment. For the foregoing reasons above, Mr. Badger's sentence should be corrected to warrant the fairness in sentencing.

---

he would have still faced a mandatory life sentence based on his conviction on Count 2." (Id.)

(Id. at 27.)

Finally, Movant contends that a competent attorney would have objected to Respondent's use of an indictment that was untimely because it was filed 9 months after Movant engaged in illegal conduct. (Id. at 28-33.) In light of the foregoing, Movant asserts that he has established the deficient performance of his attorney and has further provided evidence of actual prejudice because "if his defense counsel [had] been effective as provided by the Sixth Amendment, he [Movant] would not be imprisoned to a term of Life." (Id. at 2, 13.) Accordingly, Movant asks the court to grant his motion to vacate.

B.  The Court's Review

Upon the court's review, Movant has not met his burden of establishing deficient performance by his attorney to sustain a claim of ineffective assistance of counsel. In this regard, the underlying record does not support Movant's claim that a properly conducted investigation and objection by his attorney would have resulted in the removal of one or both of the predicate state court convictions used to enhance Movant's sentence to life. In South Carolina, trafficking in cocaine (first offense) and possession of marijuana with intent to distribute are properly classified as felony drug offenses. See S.C. Code §§ 44-53-370(e) (2000) ("Any person knowingly sells, manufactures, . . . ten grams or more of cocaine . . . is guilty of a felony which is known as "trafficking in cocaine" and, upon conviction, must be punished as follows if the quantity involved is: (a) ten grams or more, but less than twenty-eight grams: 1. for a first offense, a term of imprisonment of not less than three years nor more than ten years, . . . ."); 44-53-370(a) & (b) (2000) ("[I]it shall be unlawful for any person: to manufacture, distribute, . . . a controlled substance . . . [a] person who violates . . . is guilty of a felony and,

upon conviction, for a first offense must be imprisoned not more than fifteen years . . . .") Therefore, Movant's claim that his attorney was objectively unreasonable for failing to object to the enhancement of Movant's sentence based on prior state convictions that were not felonies is without merit.

The court further agrees with Respondent that Movant's attorney was not deficient for failing to challenge the reasonableness of his life sentence on Due Process and/or Equal Protection grounds. Moreover, Movant's attempt to give retroactive effect to the Fair Sentencing Act fails to have merit because the law lacks a provision making it retroactive, and the Fourth Circuit has specifically held that it is not to be applied retroactively. See United States v. Bullard, 645 F.3d 237, 248–49 (4th Cir. 2011) (declining to apply the Fair Sentencing Act retroactively to cases pending appeal in the face of 1 U.S.C. § 109, The General Savings Statute); United States v. Wilson, 401 Fed. App'x 760, 762 (4th Cir. 2010) (concluding that the Fair Sentencing Act did not apply retroactively to defendant sentenced before act took effect).

Finally, Movant's contention is without merit that his attorney was deficient for not moving to dismiss the indictment for violating the Speedy Trial Act. Generally, the Speedy Trial Act requires that the trial [4] of a defendant charged in an indictment with the commission of an offense to commence within seventy days of either (1) the indictment's filing date or (2) the defendant's first arraignment before the court, whichever occurs later. See 18 U.S.C. § 3161(c)(1); see also United States v. Osteen, 254 F.3d 521, 525 (4th Cir. 2001). "However, the

---

[4] For purposes of the Speedy Trial Act, a trial normally commences with the voir dire of the jury. See United States v. A–A–A Elec. Co, 788 F.2d 242, 246 (4th Cir. 1986). Thus, a trial for purposes of the Speedy Trial Act commences on the date of jury selection.

period may be tolled for a variety of reasons, including when the defendant files a pre-trial motion, 18 U.S.C. § 3161(h)(1)(F), or when defense counsel requests more time to prepare, 18 U.S.C. § 3161(h)(8)(A)" or if the court grants a continuance in order to serve "the ends of justice." See United States v. Hopkins, 310 F.3d 145, 149 (4th Cir. 2002); see also 18 U.S.C. § 3161(h)(7)(A). Although nearly 9 months passed between Movant's arraignment and the commencement of his trial, his statutory right was not violated because the delay was occasioned almost exclusively by motions and requests from Movant himself. Specifically, Movant requested and was granted continuances by the court, thereby tolling the Speedy Trial Act from March 1 to September 6, 2007. (See ECF Nos. 28, 34, 43.) Taking into account the days that the Speedy Trial Act was tolled, Movant was tried within 70 days of his arraignment. Therefore, the court finds that a violation of the Speedy Trial Act did not occur. In this regard, Movant's attorney did not fall below an objective standard of reasonableness for failing to move to dismiss the indictment.

Based on the foregoing, Movant is unable to establish deficient performance by his attorney under Strickland.[5] Accordingly, Movant's claim for ineffective assistance of counsel fails as a matter of law.

## IV. CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court is of the opinion that Movant Kelvin Bernard Badger's motion to vacate, set aside, or correct his

---

[5] With this finding, the court need not address the prejudice component of Movant's ineffective assistance claim. Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing of one.")

sentence pursuant to 28 U.S.C. § 2255 should be and is hereby **DENIED**. (ECF No. 131.) The motion for summary judgment of the United States of America is hereby **GRANTED**, and this matter is dismissed with prejudice. (ECF No. 134.)

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

s/Margaret B. Seymour
MARGARET B. SEYMOUR
SENIOR UNITED STATES DISTRICT JUDGE

June 20, 2013
Columbia, South Carolina